*E-Filed 09/23/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHONY J. FERRANTINO,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br><br>    Defendant<br>_____/ | **No. C 09-3590 RS**<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION** |

    Plaintiff Anthony J. Ferrantino, appearing in *pro se*, filed this action to challenge three determinations of the Social Security Administration ("SSA") that issued in 2009, and one determination regarding the amount of Medicare insurance premiums he was required to pay in 2005. Defendant moves to dismiss, contending that Ferrantino failed to exhaust his administrative remedies by seeking reconsideration of any of the determinations he challenges, and that this Court therefore lack jurisdiction to hear the matter.  In opposition, Ferrantino asserts that he in fact attempted to seek reconsideration but that his efforts to do so were thwarted by the actions or inactions of SSA personnel.

    Although Ferrantino's opposition does not strictly comply with evidentiary rules, the Court ordered defendant to file a reply addressing his contentions.  Defendant responded with evidence that although Ferrantino visited the Social Security office in Mountain View, California on two occasions in 2009 and met with a manager to review his file, there is no record of him ever

1

requesting reconsideration of the 2009 decisions at issue. Defendant points out that Ferrantino may still seek to extend the time for requesting reconsideration upon a showing of good cause for having missed the deadline. Defendant acknowledges that if Ferrantino can establish that agency employees "gave [him] incorrect or incomplete information about when and how to request administrative review or to file a civil suit," that could constitute good cause. See 20 C.F.R. §§ 404.911(b)(6), 416.1411(b)(6).

Pursuant to 42 U.S.C. § 405(g), judicial review requires a "final decision of the Commissioner of Social Security." The SSA regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a) (2010). If at any point the claimant does not pursue administrative appeal rights, the last administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981 (2010). Indeed, absent completion of the administrative process, there is no administrative record for the Court to review, as required by 42 U.S.C. § 405(g). Because Ferrantino did not exhaust his administrative remedies with respect to the 2009 decisions he is attempting to challenge, the Court lacks jurisdiction over his claims. As defendant suggests, however, Ferrantino may return to the SSA and seek an extension of time to obtain reconsideration of those determinations.

As to the determination regarding the amount of Ferrantino's Medicare premium payments in 2005, it appears that he requested, and received, reconsideration of an initial determination regarding that matter. In opposition to the motion to dismiss, Ferrantino asserts that his request for reconsideration was sent to Baltimore, but never acted on by that office. The documents attached to Ferrantino's previously-denied motion for summary judgment do show that he was advised by letter dated September 28, 2005 that his request had been forwarded to Baltimore, and that "someone from that office" would advise him of the result. By letter dated December 4, 2005, however, Ferrantino was advised that his monthly Medicare premium had been lowered to $206, which appears to have been precisely the relief he had sought in his request for reconsideration. Although the December 4th letter did not issue from the Baltimore office, Ferrantino's assertion that his request was not processed seems to be mistaken.

1  Additionally, there is no indication Ferrantino pursued any further administrative remedies
2  after the December 4th letter issued, despite the fact that letter set forth the steps necessary to
3  challenge its conclusions. Accordingly, Ferrantino has failed to exhaust his administrative remedies
4  with respect to the 2005 Medicare determination as well, and that portion of his claim herein must
5  also be dismissed for lack of jurisdiction.
6  Defendant's motion to dismiss is granted. The Clerk is directed to close the file.

IT IS SO ORDERED.

Dated:  09/23/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**

Anthony J. Ferrantino

555 Bryant Street, #511

Palo Alto, CA 94301

DATED: 09/23/10

/s/ Chambers Staff

Chambers of District Judge Richard Seeborg